IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UTILITIES MARKETING GROUP, LLC,
AGR FIELD SERVICES, LLC, and
ENERGY PROFESSIONALS, LLC,

        Plaintiffs,

v.                             Case No.:  8:15-cv-01966-RAL-TBM

JAMES WARRICK, ANGELA WARRICK,
GEORGE TAPIA, AMANDA TAPIA, EXCEL
NETWORK, LLC, EXCEL RESOURCES, LLC,
NWELITE MARKETING, LLC, and
UNKNOWN JOHN DOES,

        Defendants.

_____/

## DEFENDANTS' ANSWER AND COUNTERCLAIMS

Defendants, James Warrick, Angela Warrick, George Tapia, Amanda Tapia, Excel Network, LLC, Excel Resources, LLC, and NWElite Marketing, LLC (each a "Defendant" and collectively, "Defendants"), file this Defendants' Original Answer and Counterclaims.

### A. Admissions & Denials to Plaintiffs' First Amended Complaint

1.     Defendants deny the allegation that AGR Group, LLC "is the largest direct marketer dedicated to the retail energy business," but admit the remaining allegations in paragraph 1.

2.     Defendants deny the allegations in paragraph 2.

3.     Defendants deny the allegations in paragraph 3.

4.     Defendants admit that "J. Warrick is a former employee of UMG," but deny the remaining allegations in paragraph 4.

5.     Defendants deny the allegations in paragraph 5.

6.      Defendants deny the allegations in paragraph 6.

7.      Defendants deny the allegations in paragraph 7.

8.      Defendants admit that Plaintiffs have brought this action, but deny the remaining allegations in paragraph 8.

9.      Paragraph 9 calls for a legal conclusion and therefore no response is required. To the extent that a response is required, Defendants deny.

10.     Paragraph 10 calls for a legal conclusion and therefore no response is required. To the extent that a response is required, Defendants deny.

11.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11.

12.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12.

13.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13.

14.     Defendants admit the allegations in paragraph 14.

15.     Defendants admit the allegations in paragraph 15.

16.     Defendants admit that "G. Tapia is an individual who is a citizen of Florida," but deny the remaining allegations in paragraph 16.

17.     Defendants admit that "A. Tapia is an individual who is a citizen of Florida," but deny the remaining allegations in paragraph 17.

18.     Defendants admit the allegations in paragraph 18.

19.     Defendants admit the allegations in paragraph 19.

20.     Defendants admit that "NWElite is a Maryland limited liability company," but Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 20.

21.     Defendants deny the allegations in paragraph 21.

22.     Defendants admit that this Court has personal jurisdiction over Defendants, but deny the remaining allegations in paragraph 22.

23.     Defendants admit that venue is proper in this Court, but deny the remaining allegations in paragraph 23.

24.     Defendants admit the allegations in paragraph 24.

25.     Defendants admit that, while employed by UMG, J. Warrick had access to customer lists and personnel files. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 25.

26.     Defendants admit that on or about August 21, 2009, "J. Warrick signed a Confidentiality, Nonsolicitation, and Reimbursement Agreement," but Defendants deny the remaining allegations in paragraph 26.

27.     Defendants admit that in paragraph 27, Plaintiffs accurately reproduce a portion of the text from Exhibit A attached to Plaintiffs' First Amended Complaint, but Defendants deny the remaining allegations in paragraph 27, including any express or implied meaning or interpretation of any of the reproduced text.

28.     Defendants admit that in paragraph 28, Plaintiffs accurately reproduce a portion of the text from Exhibit A attached to Plaintiffs' First Amended Complaint, but Defendants deny the remaining allegations in paragraph 28, including any express or implied meaning or interpretation of any of the reproduced text.

29.     Defendants admit that in paragraph 29, Plaintiffs accurately reproduce a portion of the text from Exhibit A attached to Plaintiffs' First Amended Complaint, but Defendants deny the remaining allegations in paragraph 29, including any express or implied meaning or interpretation of any of the reproduced text.

30.     Defendants admit that in paragraph 30, Plaintiffs accurately reproduce a portion of the text from Exhibit A attached to Plaintiffs' First Amended Complaint, but Defendants deny the remaining allegations in paragraph 30, including any express or implied meaning or interpretation of any of the reproduced text.

31.     Defendants admit that in paragraph 31, Plaintiffs accurately reproduce a portion of the text from Exhibit A attached to Plaintiffs' First Amended Complaint, but Defendants deny the remaining allegations in paragraph 31, including any express or implied meaning or interpretation of any of the reproduced text.

32.     Defendants admit that in paragraph 32, Plaintiffs accurately reproduce a portion of the text from Exhibit A attached to Plaintiffs' First Amended Complaint, but Defendants deny the remaining allegations in paragraph 32, including any express or implied meaning or interpretation of any of the reproduced text.

33.     Defendants admit that in paragraph 33, Plaintiffs accurately reproduce – with Plaintiffs' own added emphasis – a portion of the text from Exhibit A attached to Plaintiffs' First Amended Complaint, but Defendants deny the remaining allegations in paragraph 33, including any express or implied meaning or interpretation of any of the reproduced text.

34.     Defendants admit that in paragraph 34, Plaintiffs accurately reproduce – with Plaintiffs' own added emphasis – a portion of the text from Exhibit A attached to Plaintiffs' First

Amended Complaint, but Defendants deny the remaining allegations in paragraph 34, including any express or implied meaning or interpretation of any of the reproduced text.

35.     Defendants admit that in paragraph 35, Plaintiffs accurately reproduce a portion of the text from Exhibit A attached to Plaintiffs' First Amended Complaint, but Defendants deny the remaining allegations in paragraph 35, including any express or implied meaning or interpretation of any of the reproduced text.

36.     Defendants admit that in paragraph 36, Plaintiffs accurately reproduce a portion of the text from Exhibit A attached to Plaintiffs' First Amended Complaint, but Defendants deny the remaining allegations in paragraph 36, including any express or implied meaning or interpretation of any of the reproduced text.

37.     Defendants admit that in paragraph 37, Plaintiffs accurately reproduce a portion of the text from Exhibit A attached to Plaintiffs' First Amended Complaint, but Defendants deny the remaining allegations in paragraph 37, including any express or implied meaning or interpretation of any of the reproduced text.

38.     Defendants deny the allegations in paragraph 38.

39.     Defendants admit the allegations in paragraph 39.

40.     Defendants admit that Exhibit B to Plaintiffs' First Amended Complaint is a true and correct copy of an agreement between AGR Field Services, LLC and NWElite Marketing, LLC executed by G. Tapia on or about August 21, 2013, but Defendants deny the remaining allegations in paragraph 40.

41.     Defendants admit that in paragraph 41, Plaintiffs accurately reproduce a portion of the text from Exhibit B attached to Plaintiffs' First Amended Complaint, but Defendants deny the

remaining allegations in paragraph 41, including any express or implied meaning or interpretation of any of the reproduced text.

42.    Defendants admit that in paragraph 42, Plaintiffs accurately reproduce a portion of the text from Exhibit B attached to Plaintiffs' First Amended Complaint, but Defendants deny the remaining allegations in paragraph 42, including any express or implied meaning or interpretation of any of the reproduced text.

43.    Defendants admit that in paragraph 43, Plaintiffs accurately reproduce a portion of the text from Exhibit B attached to Plaintiffs' First Amended Complaint, but Defendants deny the remaining allegations in paragraph 43, including any express or implied meaning or interpretation of any of the reproduced text.

44.    Defendants admit that in paragraph 44, Plaintiffs accurately reproduce a portion of the text from Exhibit B attached to Plaintiffs' First Amended Complaint, but Defendants deny the remaining allegations in paragraph 44, including any express or implied meaning or interpretation of any of the reproduced text.

45.    Defendants admit that in paragraph 45, Plaintiffs accurately reproduce a portion of the text from Exhibit B attached to Plaintiffs' First Amended Complaint, but Defendants deny the remaining allegations in paragraph 45, including any express or implied meaning or interpretation of any of the reproduced text.

46.    Defendants deny the allegations in paragraph 46.

47.    Defendants deny the allegations in paragraph 47.

48.    Defendants deny the allegations in paragraph 48.

49.    Defendants deny the allegations in paragraph 49.

50.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 50.

51.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 51.

52.     Defendants deny the allegations in paragraph 52.

53.     Defendants deny the allegations in paragraph 53.

54.     Defendants deny the allegations in paragraph 54.

55.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 55.

56.     Defendants deny that J. Warrick acted to "modify his amendment," and Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 56.

57.     Defendants deny the allegations in paragraph 57.

58.     Defendants deny the allegations in paragraph 58.

59.     Defendants admit that J. Warrick forwarded at least one email related to UMG or AGRFS to his personal email account, but Defendants deny the remaining allegations in paragraph 59.

60.     Defendants deny that J. Warrick "deleted these emails in an attempt to hide his improper behavior," and Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 60.

61.     Defendants admit that Excel Network, LLC was formed on September 9, 2014, but Defendants deny the remaining allegations in paragraph 61.

62.     Defendants deny the allegations in paragraph 62.

63.     Defendants deny the allegations in paragraph 63.

64.     Defendants admit Excel Resources LLC was formed on October 22, 2014, but Defendants deny the remaining allegations in paragraph 64.

65.     Defendants deny that "J. Warrick conspired with one or more UMG employees after his departure to ensure that his computer hard drive was erased and repurposed, rather than being retained," and Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 65.

66.     Defendants deny the allegations in paragraph 66.

67.     Defendants admit that Exhibit C to Plaintiffs' First Amended Complaint appears to be a printout of the public LinkedIn page for J. Warrick on October 12, 2015, but Defendants deny the remaining allegations in paragraph 67.

68.     Defendants deny the allegations in paragraph 68.

69.     Defendants deny the allegations in paragraph 69.

70.     Defendants admit that Exhibit C to Plaintiffs' First Amended Complaint appears to be a printout of the public LinkedIn page for J. Warrick on October 12, 2015 and Defendants admit that Excel Network, LLC was formed in September 2014. Defendants deny the remaining allegations in paragraph 70.

71.     Defendants admit that J. Warrick serves as vice president of business development of Excel Network, LLC, but Defendants deny the remaining allegations in paragraph 71.

72.     Defendants deny the allegations in paragraph 72.

73.     Defendants deny the allegations in paragraph 73.

74.     Defendants deny the allegations in paragraph 74.

75.     Defendants deny the allegations in paragraph 75.

76.     Defendants deny the allegations in paragraph 76.

77.     Defendants deny the allegations in paragraph 77.

78.     Defendants deny the allegations in paragraph 78.

79.     Defendants deny that Excel Networks, LLC or Excel Resources, LLC knowingly employs any former employees of UMG other than J. Warrick or any former employees of an AGRFS broker, but Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 79 that "Excel employs at least six former employees of UMG and two former employees of an AGRFS broker." Defendants deny the remaining allegations in paragraph 79.

80.     Defendants deny that Defendants knowingly "employ or have employed several former members of UMG's information technology departments," but Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 80.

81.     Defendants repeat, reiterate, and incorporate by reference their responsive allegations in paragraphs 1 through 80, above, as if fully set forth herein.

82.     Paragraph 82 calls for a legal conclusion and therefore no response is required. To the extent that a response is required, Defendants deny.

83.     Paragraph 83 calls for a legal conclusion and therefore no response is required. To the extent that a response is required, Defendants deny.

84.     Paragraph 84 calls for a legal conclusion and therefore no response is required. To the extent that a response is required, Defendants deny.

85.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 85.

86.    Defendants deny the allegations in paragraph 86.

87.    Defendants deny the allegations in paragraph 87.

88.    Defendants deny the allegations in paragraph 88.

89.    Defendants deny the allegations in paragraph 89.

90.    Defendants deny the allegations in paragraph 90.

91.    Defendants repeat, reiterate, and incorporate by reference their responsive allegations in paragraphs 1 through 80, above, as if fully set forth herein.

92.    Paragraph 92 calls for a legal conclusion and therefore no response is required. To the extent that a response is required, Defendants deny.

93.    Paragraph 93 calls for a legal conclusion and therefore no response is required. To the extent that a response is required, Defendants deny.

94.    Paragraph 94 calls for a legal conclusion and therefore no response is required. To the extent that a response is required, Defendants deny.

95.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 95.

96.    Defendants deny the allegations in paragraph 96.

97.    Defendants deny the allegations in paragraph 97.

98.    Defendants deny the allegations in paragraph 98.

99.    Defendants repeat, reiterate, and incorporate by reference their responsive allegations in paragraphs 1 through 80, above, as if fully set forth herein.

100.    Paragraph 100 calls for a legal conclusion and therefore no response is required. To the extent that a response is required, Defendants deny.

101.    Paragraph 101 calls for a legal conclusion and therefore no response is required. To the extent that a response is required, Defendants deny.

102.    Paragraph 102 calls for a legal conclusion and therefore no response is required. To the extent that a response is required, Defendants deny.

103.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 103.

104.    Defendants deny the allegations in paragraph 104.

105.    Defendants deny the allegations in paragraph 105.

106.    Defendants deny the allegations in paragraph 106.

107.    Defendants repeat, reiterate, and incorporate by reference their responsive allegations in paragraphs 1 through 80, above, as if fully set forth herein.

108.    Paragraph 108 calls for a legal conclusion and therefore no response is required. To the extent that a response is required, Defendants deny.

109.    Defendants deny the allegations in paragraph 109.

110.    Defendants deny the allegations in paragraph 110.

111.    Defendants deny the allegations in paragraph 111.

112.    Defendants repeat, reiterate, and incorporate by reference their responsive allegations in paragraphs 1 through 80, above, as if fully set forth herein.

113.    Paragraph 113 calls for a legal conclusion and therefore no response is required. To the extent that a response is required, Defendants deny.

114.    Defendants deny the allegations in paragraph 114.

115.    Defendants deny the allegations in paragraph 115.

116.    Defendants deny the allegations in paragraph 116.

117.    Defendants repeat, reiterate, and incorporate by reference their responsive allegations in paragraphs 1 through 80, above, as if fully set forth herein.

118.    Paragraph 118 calls for a legal conclusion and therefore no response is required. To the extent that a response is required, Defendants deny.

119.    Defendants deny the allegations in paragraph 119.

120.    Defendants deny the allegations in paragraph 120.

121.    Defendants repeat, reiterate, and incorporate by reference their responsive allegations in paragraphs 1 through 80, above, as if fully set forth herein.

122.    A portion of paragraph 122 calls for a legal conclusion, and therefore, no response is required for that portion. Defendants admit that on or about August 21, 2009, J. Warrick signed a Confidentiality, Nonsolicitation, and Reimbursement Agreement, but Defendants deny the remaining allegations in paragraph 122.

123.    Defendants admit that in paragraph 123, Plaintiffs accurately reproduce – with Plaintiffs' own added emphasis – a portion of the text from Exhibit A attached to Plaintiffs' First Amended Complaint, but Defendants deny the remaining allegations in paragraph 123, including any express or implied meaning or interpretation of any of the reproduced text.

124.    Defendants deny the allegations in paragraph 124.

125.    Defendants admit that in paragraph 125, Plaintiffs accurately reproduce a portion of the text from Exhibit A attached to Plaintiffs' First Amended Complaint, but Defendants deny the remaining allegations in paragraph 125, including any express or implied meaning or interpretation of any of the reproduced text.

126.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 126.

127.    To the extent that paragraph 127's allegations are limited solely to the interpretation of a written contract, then the allegations call for a legal conclusion, and therefore, no response is required. To the extent that a response is required, Defendants deny. Otherwise, Defendants deny the allegations in paragraph 127, including any express or implied meaning or interpretation of any referenced text.

128.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 128.

129.    To the extent that paragraph 129's allegations are limited solely to the interpretation of a written contract, then the allegations call for a legal conclusion, and therefore, no response is required. To the extent that a response is required, Defendants deny. Otherwise, Defendants deny the allegations in paragraph 129, including any express or implied meaning or interpretation of any referenced text.

130.    Defendants admit that in paragraph 130, Plaintiffs accurately reproduce a portion of the text from Exhibit A attached to Plaintiffs' First Amended Complaint, but Defendants deny the remaining allegations in paragraph 130, including any express or implied meaning or interpretation of any of the reproduced text.

131.    Defendants deny the allegations in paragraph 131.

132.    Defendants admit that in paragraph 132, Plaintiffs accurately reproduce a portion of the text from Exhibit A attached to Plaintiffs' First Amended Complaint, but Defendants deny the remaining allegations in paragraph 132, including any express or implied meaning or interpretation of any of the reproduced text.

133.    Defendants deny the allegations in paragraph 133.

134.     Defendants admit that in paragraph 134, Plaintiffs accurately reproduce a portion of the text from Exhibit A attached to Plaintiffs' First Amended Complaint, but Defendants deny the remaining allegations in paragraph 134, including any express or implied meaning or interpretation of any of the reproduced text.

135.     Defendants deny the allegations in paragraph 135.

136.     Defendants deny the allegations in paragraph 136.

137.     Defendants repeat, reiterate, and incorporate by reference their responsive allegations in paragraphs 1 through 80, above, as if fully set forth herein.

138.     To the extent that paragraph 138's allegations are limited solely to the interpretation of a written contract, then the allegations call for a legal conclusion, and therefore, no response is required. To the extent that a response is required, Defendants deny. Otherwise, Defendants deny the allegations in paragraph 138, including any express or implied meaning or interpretation of any referenced text.

139.     To the extent that paragraph 139's allegations are limited solely to the interpretation of a written contract, then the allegations call for a legal conclusion, and therefore, no response is required. To the extent that a response is required, Defendants deny. Otherwise, Defendants deny the allegations in paragraph 139, including any express or implied meaning or interpretation of any referenced text.

140.     Defendants deny the allegations in paragraph 140.

141.     To the extent that paragraph 141's allegations are limited solely to the interpretation of a written contract, then the allegations call for a legal conclusion, and therefore, no response is required. To the extent that a response is required, Defendants deny. Otherwise,

Defendants deny the allegations in paragraph 141, including any express or implied meaning or interpretation of any referenced text.

142.     Defendants deny the allegations in paragraph 142.

143.     Defendants deny the allegation in paragraph 143 that the Subcontractor Agreement has not been terminated. To the extent that paragraph 143's remaining allegations are limited solely to the interpretation of a written contract, then the allegations call for a legal conclusion, and therefore, no response is required. To the extent that a response is required, Defendants deny. Otherwise, Defendants deny the remaining allegations in paragraph 143, including any express or implied meaning or interpretation of any referenced text.

144.     Defendants deny the allegations in paragraph 144.

145.     Defendants deny the allegation in paragraph 145 that the Subcontractor Agreement has not been terminated. To the extent that paragraph 145's remaining allegations are limited solely to the interpretation of a written contract, then the allegations call for a legal conclusion, and therefore, no response is required. To the extent that a response is required, Defendants deny. Otherwise, Defendants deny the remaining allegations in paragraph 145, including any express or implied meaning or interpretation of any referenced text.

146.     Defendants deny the allegations in paragraph 146.

147.     Defendants deny the allegations in paragraph 147.

148.     Defendants repeat, reiterate, and incorporate by reference their responsive allegations in paragraphs 1 through 80, above, as if fully set forth herein.

149.     A portion of paragraph 149 calls for a legal conclusion, and therefore, no response is required for that portion. To the extent that a response is required, Defendants deny. Defendants

lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 149.

150.     Paragraph 150 calls for a legal conclusion and therefore no response is required. To the extent that a response is required, Defendants deny.

151.     Paragraph 151 calls for a legal conclusion and therefore no response is required. To the extent that a response is required, Defendants deny.

152.     Defendants deny the allegations in paragraph 152.

153.     To the extent that paragraph 153's allegations are limited solely to the scope of fiduciary duties and duties of loyalty in general, then paragraph 153 calls for a legal conclusion and therefore no response is required. To the extent that a response is required, Defendants deny. Otherwise, Defendants deny the allegations in paragraph 153.

154.     Defendants deny the allegations in paragraph 154.

155.     Defendants deny the allegations in paragraph 155.

156.     Defendants repeat, reiterate, and incorporate by reference their responsive allegations in paragraphs 1 through 80, above, as if fully set forth herein.

157.     Defendants deny the allegations in paragraph 157.

158.     Defendants deny the allegations in paragraph 158.

159.     Defendants deny the allegations in paragraph 159.

160.     Defendants deny the allegations in paragraph 160.

161.     Defendants deny the allegations in paragraph 161.

162.     Defendants repeat, reiterate, and incorporate by reference their responsive allegations in paragraphs 1 through 80, above, as if fully set forth herein.

163.     Defendants deny the allegations in paragraph 163.

164.    Defendants deny the allegations in paragraph 164.

165.    Defendants deny the allegations in paragraph 165.

166.    Defendants deny the allegations in paragraph 166.

167.    Defendants deny the allegations in paragraph 167.

168.    Defendants deny the allegations in paragraph 168.

169.    Defendants deny the allegations in paragraph 169.

170.    Defendants repeat, reiterate, and incorporate by reference their responsive allegations in paragraphs 1 through 80, above, as if fully set forth herein.

171.    A portion of paragraph 171 calls for a legal conclusion, and therefore, no response is required for that portion. To the extent that a response is required, Defendants deny. Defendants deny the remaining allegations in paragraph 171.

172.    Defendants deny the allegations in paragraph 172.

173.    Defendants deny the allegations in paragraph 173.

174.    Paragraph 174 calls for a legal conclusion and therefore no response is required. To the extent that a response is required, Defendants deny.

175.    Defendants repeat, reiterate, and incorporate by reference their responsive allegations in paragraphs 1 through 80, above, as if fully set forth herein.

176.    Defendants deny the allegations in paragraph 176.

177.    Defendants deny the allegations in paragraph 177.

178.    Defendants deny the allegations in paragraph 178.

179.    Defendants repeat, reiterate, and incorporate by reference their responsive allegations in paragraphs 1 through 80, above, as if fully set forth herein.

180.    Defendants deny the allegations in paragraph 180.

181.    Defendants deny the allegations in paragraph 181.

182.    Defendants deny the allegations in paragraph 182.

183.    Defendants deny the allegations in paragraph 183.

184.    A portion of paragraph 184 calls for a legal conclusion, and therefore, no response is required for that portion. To the extent that a response is required, Defendants deny. Defendants deny the remaining allegations in paragraph 184.

185.    Defendants deny the allegations in paragraph 185.

186.    Defendants deny the allegations in paragraph 186.

187.    Paragraph 187 calls for a legal conclusion and therefore no response is required. To the extent that a response is required, Defendants deny.

## B.   Affirmative Defenses

188.    Defendants are not liable to Plaintiffs because Plaintiffs have failed to state a claim for which relief may be granted.

189.    Defendants are not liable to Plaintiffs because of waiver. Plaintiffs intentionally relinquished the known rights asserted in this case. Plaintiffs expressly waived their known rights and indicated their waiver by conduct and express statements that are inconsistent with an intent by Plaintiffs to pursue the known rights asserted in this case.

190.    Defendants are not liable to Plaintiffs because of estoppel. Defendant J. Warrick expressly notified Plaintiffs of his intention to resign and to join Excel Network, LLC for the purpose of creating a call center to provide retail sales services to energy companies in deregulated markets. Plaintiffs told Defendant J. Warrick that they had no objection to J. Warrick's intended actions. Thus, Plaintiffs cannot prevail against Defendants on the basis of estoppel.

191.    Defendants are not liable to Plaintiffs because of the fair use defense. The alleged use of any Plaintiff's marks was to describe that Plaintiff's goods or products, not the goods or products of any Defendant. Plaintiffs' products or services were not readily identifiable without the use of Plaintiffs' marks. The alleged use of any Plaintiff's marks was limited to the level of use reasonably necessary to identify that Plaintiff's goods and services. Defendants did not suggest sponsorship or endorsement by any Plaintiff during the alleged use of that Plaintiff's marks.

192.    Defendants are not liable to Plaintiffs because of Plaintiffs' abandonment. Plaintiffs failed to police the widespread use of the marks at issue in this case, particularly use almost identical to the alleged conduct underlying Plaintiffs' claims in this case. By failing to police the widespread use of their marks – such as, for example, failing to prevent current and former employees from using Plaintiffs' names in their LinkedIn profiles – Plaintiffs marks have lost trade significance.

193.    Defendants are not liable to Plaintiffs because of unclean hands. Plaintiffs have for several years created a hostile work environment for employees who are not members of the Church of Scientology or who do not subscribe to the Church of Scientology's beliefs. The hostile work environment includes repeated attempts to convert employees to the Church of Scientology and promoting members of the Church of Scientology over more qualified employees. This hostile work environment directly caused Defendant J. Warrick to terminate his employment. Plaintiffs' causes of action arise from the termination of Defendant J. Warrick's employment, and thus, Plaintiffs cannot prevail due to their unclean hands.

194.    Defendants are not liable to Plaintiffs because of contributory negligence. Plaintiffs did not use reasonable care their information technology systems from accidental, inadvertent, or negligent data loss. Plaintiffs did not use reasonable care in establishing and enforcing information

technology access requirements. Plaintiffs did not use reasonable care in establishing and implementing data security and loss prevention protocols, such as intrusion detection and automated backups.

195.    Defendants are not liable to Plaintiffs for breach of contract or any related claims asserted because of Plaintiffs' prior breach of the contracts at issue.

196.    Defendants are not liable to Plaintiffs for breach of contract or any related claims asserted because of duress.

197.    Defendants are not liable to Plaintiffs for any direct or related claims arising from an alleged non-competition covenant. The alleged non-competition covenants at issue in this case are not enforceable as a matter of law.

198.    Defendants are not liable to Plaintiffs for any direct or related claims arising from any alleged trade secrets because Plaintiffs cannot establish that the information at issue is considered a trade secret or a legitimate business interest under Florida law.

199.    Defendants are not liable to Plaintiffs for any direct or related claims arising from any alleged trade secrets because Plaintiffs cannot establish that all necessary steps were taken to ensure the secrecy of the supposed trade secrets.

200.    Defendants are not liable to Plaintiffs for any alleged conspiracy to the extent that Plaintiffs allege a conspiracy between an entity and its members or owners. No such conspiracy claim can be stated, as a conspiracy between an entity and its members or owners cannot exist as a matter of law.

201.    Defendants are not liable to Plaintiffs under the Florida Unfair and Deceptive Business Practices Act because Plaintiffs cannot demonstrate that they have sustained actual damages.

202.    Defendants are not liable to Plaintiffs for tortious interference because Plaintiffs cannot demonstrate a viable contract with a third party, that Defendants were aware of such a contract, and that Defendants interfered with the third party contract.

203.    Defendants are not liable to Plaintiffs because Plaintiffs failed to mitigate any damages allegedly sustained.

204.    Defendants are not liable to Plaintiffs for any breach of contract or related claims unless Defendants were actually parties to the underlying contract alleged by Plaintiffs.

205.    Defendants assert the statute of frauds against any breach of contract or related claim that is based on an underlying alleged agreement that is not written and signed by the party against whom Plaintiffs assert their claims.

206.    Defendants are not liable to Plaintiffs for any claims arising out of the alleged conduct of J. Warrick because of Plaintiffs' ratification. J. Warrick and Plaintiff UMG terminated any and all written agreements governing the employment of J. Warrick on or about May 30, 2014. At the time of such termination, J. Warrick was an employee of Plaintiff AGRFS and after such termination, J. Warrick remained an employee of Plaintiff AGRFS without a governing employment agreement. Through its actions, UMG ratified the termination of the employment relationship between UMG and J. Warrick.

207.    To the extent that certain non-parties were at fault in causing or contributing to the incident and damages described in Plaintiffs' First Amended Complaint, Defendants are entitled to an apportionment of fault and limitation of damages pursuant to Fla. Stat. § 768.81 and <u>Fabre v. Martin</u>. At this time, Defendants name the following as Fabre Defendants and reserve the right to add additional Fabre Defendants as discovery continues: Matt Judkin and Herb Zerden.

208.    Defendants are not liable to Plaintiffs due to Plaintiffs' failure to satisfy all conditions precedent to relief.

## C.   Counterclaims – Facts

209.    Under Section 2 of the AGR Field Services Subcontract Agreement (the "Subcontract Agreement") attached as Exhibit B to Plaintiffs' First Amended Complaint, the Subcontract Agreement could be terminated by AGR Field Services, LLC "upon ten (10) days' written notice or as otherwise provided herein."

210.    Under Section 11(a) of the Subcontract Agreement, the Subcontract Agreement could be terminated by "mutual written consent of the parties hereto."

211.    Under Section 11(b) of the Subcontract Agreement, the Subcontract Agreement could be terminated upon "completion of the work under all existing Contracts covered by an Addendum."

212.    Under Section 11(c) of the Subcontract Agreement, the Subcontract Agreement could be terminated upon "termination of existing Contracts for any reason covered by an Addendum."

213.    On October 14, 2013, Abigail Reynolds of AGR Field Services, LLC sent an email to Defendant NWElite Marketing, LLC by and through Defendant G. Tapia stating in relevant part "that as of October 7, 2013, the NWElite Marketing DPLER contract is null and void (for now). Please confirm." On the same day, Defendant G. Tapia, acting on behalf of Defendant NWElite Marketing, LLC, responded by email stating "That is correct Abigail." A copy of the email string between Defendant G. Tapia of NWElite Marketing, LLC and Abigail Reynolds of AGR Field Services, LLC is attached hereto as Exhibit 1 and incorporated by reference herein.

214.    In Plaintiffs' First Amended Complaint, Plaintiffs allege that the Subcontract Agreement remains in force.

215.    Defendant J. Warrick had already been employed by Plaintiff UMG for more than five years when UMG asked J. Warrick to sign the Confidentiality, Nonsolicitation and Reimbursement Agreement (the "Non-Compete Agreement") attached as Exhibit A to Plaintiffs' First Amended Complaint.

216.    J. Warrick initially refused to sign the Non-Compete Agreement as its terms and conditions had not previously been made a condition of J. Warrick's continued employment with UMG.

217.    In response to J. Warrick's initial refusal to sign the Non-Compete Agreement, UMG escalated its initial request to a demand. UMG told J. Warrick that if he did not sign the Non-Compete Agreement, UMG might lower J. Warrick's pay or worse.

218.    J. Warrick continued to balk at signing the Non-Compete Agreement. On or about August 2009, UMG's principal and owner Herb Zerden physically cornered J. Warrick in J. Warrick's office and coerced J. Warrick into signing the Non-Compete Agreement.

219.    By 2014, J. Warrick's employment responsibilities had shifted entirely to the entity AGR Field Services, LLC. AGR Field Services, LLC demanded that J. Warrick sign a new agreement containing even more burdensome non-competition covenants. AGR Field Services, LLC threatened to fire J. Warrick unless he signed the new non-competition agreement. This time J. Warrick stood his ground and refused to execute the new proposed agreement.

220.    In light of AGR Field Services, LLC's demand, J. Warrick was reminded of the original Non-Compete Agreement between UMG and J. Warrick. By 2014, J. Warrick had not had any involvement with UMG for more than two years and was exclusively employed by AGR Field

Services, LLC. For this reason, J. Warrick asked UMG's President Steve Upham to ensure that the prior Non-Compete Agreement be officially terminated, since the non-competition covenant in the Non-Compete Agreement only lasted two years. Upham agreed to document the termination of the Non-Compete Agreement in light of the fact that by 2014, J. Warrick had not been working for UMG for more than two years.

221.    On or about May 30, 2014, J. Warrick and UMG – by and through Upham – executed the First Amendment to Utilities Marketing Group Inc. Confidentiality, Nonsolicitation and Reimbursement Agreement (the "First Amendment"), attached hereto as Exhibit 2 and incorporated by reference herein.

222.    The First Amendment states that the "entire agreement and all terms and conditions" of the Non-Compete Agreement are "hereby cancelled as of May 30th 2014 and shall have no enforceability on or after this date." (Exh. 2, p. 1.)

223.    The First Amendment further states that neither "party has any further obligation to the other party and all components, agreements, intents and clauses that were originally intended to be considered enforceable are now no longer enforceable per this amendment as authorized by Steve Upham in accordance with section XII(12) on or after the effective date of May 30, 2014." (Exh. 2, p. 1.)

224.    In Plaintiffs' First Amended Complaint, Plaintiffs allege that the Non-Compete Agreement remains in force and that J. Warrick's conduct after May 30, 2014 has breached the Non-Compete Agreement.

### D.   Counterclaims – Count 1 – Declaratory Judgment (Subcontract Agreement)

225.    Defendants incorporate by reference the factual allegations contained in paragraphs 209 – 224, above.

226.    Defendants NWElite Marketing, LLC, G. Tapia, and A. Tapia seek a declaratory judgment under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

227.    An actual controversy exists between and among Plaintiff AGR Field Services, LLC and Defendants NWElite Marketing, LLC, G. Tapia, and A. Tapia concerning their rights and legal relations arising from the Subcontract Agreement.

228.    Plaintiff AGR Field Services, LLC has asserted that Defendants G. Tapia and A. Tapia are parties to the Subcontract Agreement in their individual capacities. Plaintiff AGR Field Services, LLC has further asserted that the Subcontract Agreement remains in force and continues to bind NWElite Marketing, LLC, G. Tapia, and A. Tapia.

229.    To the contrary, the clear and unambiguous language of the Subcontract Agreement states that only Plaintiff AGR Field Services, LLC and Defendant NWElite Marketing, LLC are parties to the Subcontract Agreement. Defendants G. Tapia and A. Tapia are not parties to the Subcontract Agreement in their individual capacity. Neither G. Tapia nor A. Tapia executed the Subcontract Agreement in an individual capacity.

230.    Further, on October 14, 2013, Abigail Reynolds on behalf of Plaintiff AGR Field Services, LLC and G. Tapia on behalf of Defendant NWElite Marketing, LLC terminated the Subcontract Agreement under Section 11(a) of the Subcontract Agreement. Alternatively, Plaintiff AGR Field Services, LLC terminated the Subcontract Agreement under Section 2 of the Subcontract Agreement. In the further alternative, the Subcontract Agreement has been terminated under Section 11(b) of the Subcontract Agreement because NWElite Marketing, LLC has performed all work required under "existing Contracts covered by an Addendum." In the further alternative, the Subcontract Agreement has been terminated under Section 11(c) of the

Subcontract Agreement because all "existing Contracts … covered by an Addendum" have been terminated.

231.    Defendants NWElite Marketing, LLC, G. Tapia, and A. Tapia therefore seek the following declarations from the Court:

> a.      That Defendants G. Tapia and A. Tapia are not now and have never been parties to the Subcontract Agreement in their individual capacities;
>
> b.      That Defendants G. Tapia and A. Tapia are not bound by any of the terms and conditions of the Subcontract Agreement in their individual capacities; and
>
> c.      That the Subcontract Agreement has been validly terminated and no longer imposes any obligations or duties on Defendants NWElite Marketing, LLC, G. Tapia, or A. Tapia.

232.    Under 28 U.S.C. § 2202, Defendants NWElite Marketing, LLC, G. Tapia, and A. Tapia further ask the Court to award them attorney's fees and costs, to issue a permanent injunction to give effect to the Court's declaratory judgments, and to grant any further necessary and proper relief based on the Court's declaratory judgments.

**E.   Counterclaims – Count 2 – Declaratory Judgment (Non-Compete Agreement)**

233.    Defendants incorporate by reference the factual allegations contained in paragraphs 209 – 224, above.

234.    Defendant J. Warrick seeks a declaratory judgment under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

235.    An actual controversy exists between and among Plaintiff Utilities Marketing Group, LLC and Defendant J. Warrick concerning their rights and legal relations arising from the Non-Compete Agreement.

236.    Plaintiff Utilities Marketing Group, LLC has asserted that the Non-Compete Agreement as it was originally executed remains in full force and effect and continues to bind Defendant J. Warrick.

237.    To the contrary, Plaintiff Utilities Marketing Group, LLC and Defendant J. Warrick cancelled the Non-Compete Agreement through the First Amendment, effective as of May 30, 2014. Through the First Amendment, Plaintiff Utilities Marketing Group, LLC and Defendant J. Warrick confirmed that neither "party has any further obligation to the other party and all components, agreements, intents and clauses that were originally intended to be considered enforceable are now no longer enforceable per" the First Amendment. (Exh. 2, p. 1.)

238.    Defendant J. Warrick, therefore, seeks the following declarations from the Court:

a.    That the Non-Compete Agreement was validly cancelled and terminated effective May 30, 2014; and

b.    That Defendant J. Warrick ceased to be bound by any obligations, duties, terms, or conditions from the Non-Compete Agreement on May 30, 2014.

239.    Under 28 U.S.C. § 2202, Defendant J. Warrick further asks the Court to award him attorney's fees and costs, to issue a permanent injunction to give effect to the Court's declaratory judgments, and to grant any further necessary and proper relief based on the Court's declaratory judgments.

### F.   Prayer for Relief

240.    For these reasons, Defendants James Warrick, Angela Warrick, George Tapia, Amanda Tapia, Excel Network, LLC, Excel Resources, LLC, and NWElite Marketing, LLC ask the Court to do the following:

a.    Render judgment that Plaintiffs take nothing;

b.      Render judgment that Plaintiffs are not entitled to any equitable relief they

seek;

c.      Dismiss Plaintiffs' suit with prejudice;

d.      Assess costs against Plaintiffs;

e.      Render judgment in favor of Defendants for the declaratory relief

Defendants seek, as alleged above;

f.      Render judgment issuing permanent injunctive relief and any further

necessary and proper relief based on the Court's declaratory judgments;

g.      Award Defendants attorney's fees and costs;

h.      Award Defendants pre-judgment and post-judgment interest at the

maximum rate permitted by law; and

i.      Award Defendants all other relief, in law and in equity, to which

Defendants may be entitled or the Court deems appropriate.

Date:   November 17, 2015.                    EWUSIAK LAW, P.A.

                                              /s/ Joel Ewusiak
                                              Joel Ewusiak
                                              Fla. Bar No.:   0509361
                                              100 Main Street, Suite 205
                                              Safety Harbor, Florida 34695
                                              P:      727.286.3559
                                              F:      727.286.3219
                                              E:      joel@ewusiaklaw.com

                                              Hiren P. Patel (*pro hac vice*)
                                              Patel Ervin PLLC
                                              1113 Vine Street, Suite 230
                                              Houston, Texas 77002
                                              P:      713.579.9700
                                              F:      832.460.6530
                                              E:      hpatel@patelervin.com

                                              *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on November 17, 2015, the foregoing document was filed

using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

/s/ Joel Ewusiak
Joel Ewusiak