## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UTILITIES MARKETING GROUP, LLC,
AGR FIELD SERVICES, LLC, ENERGY
PROFESSIONALS, LLC,

        Plaintiffs,

v.                                    CASE NO.  8:15-cv-1966–26TBM

JAMES WARRICK, ANGELA WARRICK,
GEORGE TAPIA, AMANDA TAPIA,
EXCEL NETWORK, LLC,
EXCEL RESOURCES, LCC,
NWELITE MARKETING, LCC, and
UNKNOWN JOHN DOES,

        Defendants.

_____/

## O R D E R

    **THIS CAUSE** comes before the Court on Plaintiff's Motion for Preliminary

Injunction (Dkt. 35) with supporting Declarations and exhibits (Dkts. 36, 37, 38, 40, 41)

and Defendants' Response in Opposition with exhibits (Dkt. 44).

    Plaintiffs Utilities Management Group, LLC, AGR Field Services, LLC, and

Energy Professionals, LLC, move pursuant to Federal Rule of Civil Procedure 65(b) and

Local Rule 4.06 for entry of a preliminary injunction against Defendants James Warrick,

Angela Warrick, George Tapia, Amanda Tapia, Excel Network, LLC, Excel Resources,

LLC, and NWElite Marketing, LLC:  (1) enjoining Defendants from continuing to breach

their contractual obligations with Plaintiffs, (2) enjoining Defendants from continuing to tortiously interfere with Plaintiffs' business operations, (3) enjoining Defendants from continuing to use Plaintiffs' intellectual property without consent, and (4) barring Defendants from continuing to use Plaintiffs' trade secrets, proprietary material, and other confidential information, and requiring Defendants to return and/or destroy all of Plaintiffs' trade secrets, proprietary material, and other confidential information in Defendants' possession.

In order for the Court to issue a preliminary injunction, however, Plaintiffs must demonstrate: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." Four Seasons Hotels and Resorts, B.V. v. Consorcio Barr, S.A., 320 F.3d 1205, 1210 (11th Cir. 2003) (citations omitted).  Although they correctly state the four elements necessary for a preliminary injunction, Plaintiffs simply fail to meet the applicable evidentiary standards and burdens under those elements.  Because a preliminary injunction "is an extraordinary and drastic remedy," Plaintiffs must "clearly" establish the burden of persuasion as to each of the four criteria.  Id. (quoting McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998)).

As Defendants assert, in the Motion and its three supporting declarations, Plaintiffs only specifically identify two customers and one subcontractor with whom Defendants have allegedly tortiously interfered, and they fail to specifically identify any employees with whom Defendants have interfered, or any trade secrets or trademarks that Defendants are allegedly using.  Nevertheless, the proposed injunction improperly contains 10 prohibitions centered on general categories of "customers," "employees and subcontractors," "marks," and "trade secrets, proprietary material, and other confidential information."  (See Dkt. 44, Ex. A, Proposed Injunction, pp. 6-9, ¶¶ B(2)-(5),(8); C(2),(3),(5); D(2); E.)  The proposed injunction makes little to no effort to identify specific entities, individuals, documents, or information falling into these categories except to generally prohibit "[s]oliciting business from and/or conducting business with Plaintiffs' customers, including, but not limited to, IDT Energy, Inc., and DTE Home Services."  (See id. at 6, ¶ B(2).)  Consequently, Plaintiffs fail to provide the Court with a sound basis for entering a preliminary injunction.

Plaintiffs also ask the Court to enjoin Defendants from "[d]estroying, erasing, or otherwise making unavailable" their records and documents "which pertain to or relate[] to any of the allegations in the First Amended Complaint…."  (See id. at 7, 8, ¶¶ B(9); C(6); D(3).)  And, they ask the Court to order Defendants "to return and/or destroy all of Plaintiffs' trade secrets, proprietary material, and other confidential information in Defendants' possession."  (See id. at 9, ¶E.)  The Court agrees with Defendants that the

-3-

request must be denied because (1) Plaintiffs offer no proof suggesting Defendants might destroy discoverable evidence; (2) it cannot be conclusively determined at this juncture that Defendants are not complying with their preservation obligations; (3) spoliation issues should be addressed through the discovery process; and (4) Plaintiffs' discussion of the four elements for an injunction entirely omit any reference to potential spoliation, and thus, Plaintiffs have not established a likelihood of success on the merits of a spoliation claim, or any irreparable harm.

A preliminary injunction requires a showing that the irreparable harm would "actually" occur unless the injunction is issued; it is not enough to simply argue that in the realm of all possibilities, Defendants are capable of doing something that might result in harm the law deems irreparable.  See Four Seasons Hotels, 320 F.3d at 1210 (irreparable harm element requires a showing that the harm will occur unless the injunction is issued). The Court agrees with Defendants that Plaintiffs' best evidence of irreparable harm consists of conclusory statements no better than allegations in a complaint.

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED**:

Plaintiff's Motion for Preliminary Injunction (Dkt. 35) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, on January 13, 2016.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

-4-

**COPIES FURNISHED TO**:
Counsel of Record