**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**UTILITIES MARKETING GROUP, LLC,
AGR FIELD SERVICES, LLC, and
ENERGY PROFESSIONALS, LLC,**

    **Plaintiffs,**

v.                                      **Case No. 8:15-cv-1966-T-26TBM**

**JAMES WARRICK, ANGELA WARRICK,
GEORGE TAPIA, AMANDA TAPIA, EXCEL
NETWORK, LLC, EXCEL RESOURCES, LLC,
NWELITE MARKETINGS, LLC, and
UNKNOWN JOHN DOES,**

    **Defendants.**

                                                        **/**

## **O R D E R**

THIS MATTER is before the Court on (1) **Plaintiffs' Motion to Compel, for Discovery Referral, and For Sanctions** (Doc. 60) and Defendants' response in opposition (Doc. 71); and (2) **Plaintiffs' Motion to Remove Attorneys' Eyes Only Designations** (Doc. 61) and Defendants' response in opposition (Doc. 70).[1] A hearing was conducted on May 12, 2016.

Upon consideration, as set forth below, **Plaintiffs' Motion to Compel, for Discovery Referral, and For Sanctions** (Doc. 60) is **GRANTED in part and DENIED in part**.

---

[1] The Court directed counsel to meet and confer prior to the scheduled hearing in an attempt to narrow the scope and number of documents designated "Attorney's Eyes Only." (Doc. 66).

To the extent that Plaintiffs seek the appointment of a third party forensic vendor to collect Defendants' ESI, there is no adequate showing at present to require same, and the motion is denied in this respect. Nor will the Court require Defendants to provide any greater detail than as set out in their response on their efforts to comply with discovery production and cure any purported deficiencies.

Unless otherwise indicated, the appropriate temporal scope reasonably begins January 1, 2014. The ESI searches conducted by Defendants shall include all personal email accounts used by any of the Defendants from that date forward.

Regarding the alleged email gap in Defendants' production, Defendants shall make available for Plaintiffs review (and copying, if requested), all 2,000 documents that have been subsequently discovered by the third-party vendor Driven.[2]

As for the specific requests for production identified in the motion, the Court **ORDERS** as follows:

Request No. 2 to all Defendants: To the extent that they have not already done so, Defendants shall provide documents in their possession, custody or control which contain Plaintiffs' business plan(s), customer list(s) and transaction history, sales leads, pricing information, vendor list(s) and transaction histories, training manual(s), accounting information, and marketing information.

Request No. 3 to J. Warrick: To the extent that he has not already done so, he shall provide any and all such documents in his possession, custody, or control.

Request No. 4 to J. Warrick: The request is overbroad and needs to be narrowed before the Court will require compliance.

---

[2]As discussed at the hearing, counsel reviewed these documents and found them irrelevant, but has offered to allow for inspection of same.

2

Request No. 7 to J. Warrick: To the extent that he has not already done so, he shall provide any and all such documents or communications created or transmitted after January 1, 2014, in his possession, custody or control.

Request No. 8 to J. Warrick, No. 6 to A. Warrick, and No. 7 to the Tapias: To the extent that they have not already done so, they shall provide any and all such nonprivileged documents in their possession, custody or control.

Request No. 9 to J. Warrick, No. 7 to A. Warrick, No. 8 to the Tapias, and No. 5 to Excel: The Court understands that Defendants have produced documents related to the formation of Excel, but Plaintiffs complain that they have no emails or written correspondence related to the same. By the Court's consideration, such communications fall within the requests immediately above, and which the Court requires produced.

Request No. 10 to J. Warrick: To the extent that he has not already done so, he shall provide any and all such documents in his possession, custody, or control.

Request No. 13 to J. Warrick, No. 9 to the Tapias, and No. 7 to Excel: To the extent that they have not already done so, they shall provide any and all such offer documents in their possession, custody, or control.

Request No. 16 to J. Warrick, No. 9 to A. Warrick, No. 12 to the Tapias, No. 9 to NWE, and No. 10 to Excel: The requests are overbroad and need to be substantially justified and narrowed before the Court will require compliance.

Request No. 3 to A. Warrick, No. 4 to the Tapias, and No. 4 to NWE: To the extent that they have not already done so, they shall provide any and all such documents and communications in their possession, custody, or control.

Request No. 4 to A. Warrick, No. 5 to the Tapias, and No. 5 to NWE: To the extent that they have not already done so, they shall provide any and all such nonprivileged documents and communications in their possession, custody, or control.

Request No. 5 to A. Warrick, No. 6 to the Tapias, and No. 6 to NWE: Before requiring these Defendants to respond to this inquiry, the Court will require that Plaintiffs identify those of its customers to which such inquiry is directed.

Request No. 3 to the Tapias and No. 3 to NWE: To the extent that they have not already done so, they shall provide any and all such nonprivileged documents and communications in their possession, custody, or control addressing the formation of the August 2013 subcontractor agreement, the parties' performance under the agreement, and any alleged breach of the agreement and termination of the agreement.

Any additional documents required to be produced under this Order, shall be produced within fifteen (15) days hereof. Defendants are obliged by this Order to review their prior production to confirm that all that is required to be produced has or will be produced. As for particular request(s), when, after a diligent review, Defendants believe they have responded fully to the request(s) or that they have no responsive documents to the particular request(s), Defendants, through counsel, shall so notify Plaintiffs in writing.

To the extent not granted hereby, the motion is denied.

With regard to **Plaintiffs' Motion to Remove Attorneys' Eyes Only Designations** (Doc. 61), the motion is **DENIED without prejudice**. In short, this dispute is not ready for the Court's consideration.

Here, counsel for both parties recognize that the Attorneys Eyes Only (AEO) designation has been applied too broadly to documents provided by Defendants to date. Each blames the other for this circumstance. By the Court's consideration, both sides played a role

4

in this mess. Plaintiffs' designation of many of its search terms as AEO appears overbroad and entirely unnecessary in light of the allegations in this suit.[3] And, such clearly played a role in Defendants' overbroad designations in response. The subjective, vague, overbroad AEO provisions in the stipulated protective order played a role as well. (*See* Doc. 52).[4]

That said, in this suit between competitors, certain proprietary or confidential business matters possessed by the parties will likely merit such designation, but the wholesale designation of each company's customers, employees, subcontractors, and vendors and records concerning business between them as AEO appears unnecessary and abusive in light of the allegations.

Moreover, it is clear that counsel did not have a meaningful meet and confer concerning this dispute before dropping the mess on the Court's proverbial lap. Here, if *pro hac vice* counsel wish to continue to practice before this Court in this case, they shall adhere to the Local Rules of this District, which clearly anticipate counsels' good faith cooperation and meaningful conferral in resolving discovery disputes to the fullest extent possible before bringing the matter to the Court's attention.

---

[3]For instance, customers on the search list were designated AEO by Plaintiffs. But, by Plaintiffs' allegations, Defendant James Warrick is alleged to have taken such proprietary and confidential information, including customer lists, from Plaintiffs when he left UMG and formed a competitor company. On these allegations, it appears ridiculous for Plaintiffs to claim that its customer list is confidential such that it cannot be shared by defense counsel with Mr. Warrick who purportedly misappropriated it.

[4]The current wording of the "Highly Confidential - Attorneys Eyes Only" provisions brings little clarity to this type dispute. (*See* Doc. 52 at ¶ 2). As noted, the Court sees no reasonable basis for designating customer lists, vendor lists, or the like AEO based on the allegations in this case. While the particulars of the business relationships may merit some secrecy given that the parties are competitors, the identity of such matters need not be kept secret. Before this Court will weigh in on the dispute, counsel shall revisit that provision and agree on a clear objective definition of matters deserving of the AEO designation in light of the allegations in this suit.

Accordingly, the request to lift the AEO designation as to all documents produced by Defendants is denied. However, it is *sua sponte* ordered that within twenty (20) days from the date of this Order, counsel shall confer in a good faith effort to better define the AEO designation under the stipulated protective order, so as to provide a clearer, more objective, and limited basis for the designation that is appropriate to the allegations in this suit and to identify those documents already produced that merit the designation and those that may be de-designated. Only after such discussions, will the Court entertain this dispute again.

**DONE and ORDERED** in Tampa, Florida, this 18th day of May 2016.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record