UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UTILITIES MARKETING GROUP, LLC,
AGR FIELD SERVICES, LLC, and
ENERGY PROFESSIONALS, LLC,

    Plaintiffs,

v.       CASE NO.  8:15-cv-1966-T-26TBM

JAMES WARRICK, ANGELA WARRICK,
GEORGE TAPIA, AMANDA TAPIA, EXCEL
NETWORK, LLC, EXCEL RESOURCES, LLC,
NWELITE MARKETING, LLC, and
UNKNOWN JOHN DOES,

    Defendants.
_____/

# O R D E R

**UPON DUE AND CAREFUL CONSIDERATION** of Plaintiffs' Motion for Leave to File Second Amended Complaint (Dkt. 86), the Declaration of Bryan Clark in support of the motion (Dkt. 87), Defendants' Response (Dkt. 95), Plaintiffs' and Third-Party Defendant's Motion to Modify the Scheduling Order (Dkt. 85), and Defendants' Response (Dkt. 93), it is **ORDERED AND ADJUDGED** that the motions should be denied in part and granted in part.

The Case Management and Scheduling Order specifically warns the parties that "motions to amend any pleading or a motion for continuance of any pretrial conference,

hearing or trial filed after issuance of this Case Management and Scheduling Order *are disfavored*.  See Local Rules 3.05(c)(2)(E) and 3.05(c)(3)(D)." (Dkt. 25, emphasis in original).  When a party seeks to modify a scheduling order, particularly after the time for a specific deadline has passed, good cause must be shown.  See Fed. R. Civ. P. 16(b)(4);[1] Sosa v. Airport Sys., Inc., 133 F.3d 1417, 1419 (11th Cir. 1998) (citing Advisory Committee Note to Fed. R. Civ. P. 16).[2]  If good cause is shown for amending the complaint, then the court determines whether leave should be granted under Rule 15.  Sosa, 133 F.3d at 1419.  The court may consider "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . ." Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); Thorn v. Blue Cross & Blue Shield of Fla., Inc., 192 F.R.D. 308, 309 (M.D. Fla. 2000) (citing Foman).

Defendants argue that Plaintiffs have no justifiable excuse for delaying to add  two new breach of contract claims– one against NWElite Marketing, LLC, based on an agreement dated August 8, 2013, and another against James Warrick involving an

---

[1] Rule 16(b)(4) provides: "***Modifying a Schedule***.  A schedule may be modified only for good cause and with the judge's consent."

[2] The relevant part of the Advisory Committee Notes provides that "the court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."

agreement signed in December 2014. In addition to Plaintiffs' lack of diligence, Defendants contend that amendment will be futile as to the August 2013 agreement based on a total integration clause in a later August 2013 agreement signed by the parties, and the December 2014 agreement based on the forum selection clause. With respect to the addition of a new party, NWE, LLC, Defendants argue that recent discovery does not support an alter-ego theory.

An assessment of "good cause" first requires scrutiny of the promptness the movant displayed in seeking the amendment in view of the development of the action. The third-party complaint was filed January 15, 2016, four days after the deadline for amending pleadings. The third-party defendant did not appear in the case until May 2, 2016, and did not file an answer and counterclaim until May 12, 2016. The counterclaim squarely placed the December 2014 settlement agreement at issue.[3]

Despite discovery propounded by the Plaintiffs in 2015, Defendants did not produce documents until February 2016. The constraints of review of voluminous documents marked "highly confidential – attorneys' eyes only" and additional document production in April 2016, caused a delay in discovering the need to amend. On May 6, 2016, Plaintiffs became aware through a declaration filed in connection with a discovery

---

[3] Although by letter dated January 27, 2016, Plaintiffs declared that Defendant Warrick breached the December 2014 settlement agreement by filing the third-party complaint, the third-party defendant Upham had not yet appeared or answered the claim. Until then, it was unclear whether the settlement agreement would be litigated.

motion that a new party, NWE, LLC, should be added.[4] Defendants Tapia revealed that NWElite Marketing, LLC, was reformed as NWE, LLC, in late 2013 in California, using the same name, same web site, and same email addresses. Plaintiffs now seek to name NWE, LLC, as a defendant on either the alter ego or successor-in-interest theories. Plaintiffs had no knowledge of these facts prior to May 2016, nor would due diligence have led them to discover the reformation of NWElite Marketing, LLC, in California.

The Court finds that, on balance, Plaintiffs have shown their due diligence in seeking to amend the pleadings beyond the deadline of January 11, 2016, in the Case Management and Scheduling Order, and that good cause exists for an amendment. Beyond good cause, Defendants have not shown undue delay, bad faith, or prejudice. The issue of futility, however, leads to a different result as to amendment for breach of the December 2014 settlement agreement only.

It is appears that an amendment seeking to add the breach of an August 2013 agreement would not be futile. Regarding the two August 2013 agreements between AGR Field Services and NWElite Marketing, each one ostensibly relates to different entities: the first to Blue Spruce, and the second to DPL Energy Resources.[5] Therefore, a total integration clause in the latter agreement does not necessarily subsume a former

---

[4] See dockets 71-12 and 71-13.

[5] See dockets 86-1, Exh. 1-B and 86-2, Exh. 1-C.

agreement relating to a different entity. Thus, it is not obvious at this juncture that an amendment involving the first August 2013 agreement would be futile.

The same conclusion may not be reached concerning the futility of the claim brought for the breach of the December 2014 settlement agreement. The settlement agreement contains a simple, bare-boned forum selection clause which provides in full: "The parties hereto agree that any action brought to enforce this Agreement shall be brought in the Circuit Court in and for Pinellas County, Florida."[6] Plaintiffs argue that they would be deprived of their day in court because it would be so difficult and inconvenient to try the claim in state court apart from this already-filed action containing the third-party counterclaim seeking enforcement of the agreement's general release as to third-party defendant Upham. See Rucker v. Oasis Legal Fin., LLC, 632 F.3d 1231, 1236 (11th Cir. 2011) (holding that a forum selection clause may be unenforceable under four circumstances, one of which is where a plaintiff would be deprived of its day in court because of inconvenience or unfairness). Plaintiffs additionally raise the fear of inconsistent results from the two forums. The Court finds, however, that Plaintiffs have not shown that litigating in the contractual forum of Pinellas County state court "will be so gravely difficult and inconvenient that [they] will for all practical purposes be deprived of [their] day in court." Rucker, 632 F3d at 1237. Thus, the existence of the forum

---

[6] See docket 78-1.

selection clause without a showing of extreme inconvenience to the parties and witnesses renders futile an amendment for suit on its breach.[7]

Accordingly, it is **ORDERED AND ADJUDGED** that the deadlines in the Case Management Scheduling Order should be modified consistent with this order as follows:

| | |
|---|---|
| Third Party Joinder/Amend Pleading | July 1, 2016 |
| Plaintiffs' and Upham's Expert Disclosure | October 31, 2016 |
| Defendants' Expert Disclosure | December 15, 2016 |
| Discovery Cut-off | January 31, 2017 |
| Dispositive Motion filing | March 3, 2017 |
| Pretrial Statement due | March 31, 2017 |
| Trial term | May 2017 |

It is further **ORDERED AND ADJUDGED** as follows:

(1)   Plaintiffs' Motion for Leave to File Second Amended Complaint (Dkt. 86) is **granted in part and denied in part.** The motion is **denied** as to an amendment for a breach of the December 2014 settlement agreement. The motion is **granted** in all other respects.

---

[7] The Court notes that Third-party Defendant Upham has not yet had the opportunity to respond to Warrick's Motion to Dismiss Third-Party Defendant's Counterclaim and <u>Atlantic Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.</u>, 134 S.Ct. 568 (2013).

(2) Plaintiffs' and Third-Party Defendant's Motion to Modify the Scheduling Order (Dkt. 85) is **granted in part and denied in part** in accordance with the above schedule.

(3) Plaintiffs shall file the Second Amended Complaint within five (5) days. Defendants shall file their response within fourteen (14) days after service.

**DONE AND ORDERED** at Tampa, Florida, on June 8, 2016.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>COPIES FURNISHED TO</u>:
Counsel of Record