UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UTILITIES MARKETING GROUP, LLC,
AGR FIELD SERVICES, LLC, and
ENERGY PROFESSIONALS, LLC,

    Plaintiffs,

v.                                                                          CASE NO.  8:15-cv-1966-T-26TBM

JAMES WARRICK, ANGELA WARRICK,
GEORGE TAPIA, AMANDA TAPIA, EXCEL
NETWORK, LLC, EXCEL RESOURCES, LLC,
NWELITE MARKETING, LLC, and
UNKNOWN JOHN DOES,

    Defendants/Third-Party Plaintiffs,

v.

STEPHEN UPHAM,

    Third-Party Defendant.
_____/

**O R D E R**

**UPON DUE AND CAREFUL CONSIDERATION** of the Defendant/Third-Party Plaintiff James Warrick's Motion to Dismiss Third-Party Defendant Stephen Upham's Counterclaim (Dkt. 94), and Third-Party Defendant/Counterplaintiff Stephen Upham's Memorandum of Law in Opposition (Dkt. 104), the Court concludes the motion should be denied.

Defendant and Third-party Plaintiff James Warrick seeks to dismiss Third-party Defendant Stephen Upham's counterclaim pursuant to the doctrine of *forum non conveniens* and a forum selection clause.  See <u>Atlantic Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.</u>, — U.S. — , 134 S.Ct. 568, 580, 187 L.Ed. 2d 487 (2013) (holding that proper vehicle to enforce a forum selection clause directing litigation in state forum is motion to dismiss based on doctrine of *forum non conveniens*).  Warrick argues that the counterclaim must be dismissed because Upham is required to bring the action in the jurisdiction dictated by a forum selection clause.  Upham counters that Warrick has waived his right to enforce the forum selection clause by bringing the third-party complaint in a forum other than the state circuit court in and for Pinellas County, Florida.  In any event, Upham argues, this case presents exceptional circumstances in which the strong public interest of trying the case in one forum outweighs the private interests of the contractual agreement among the parties.

The procedural and factual development of this case plays a dominant role in determining 1) whether the clause has been waived and 2) whether the public interests, such as the desire for minimizing judicial time and the possibility of inconsistency in results,[1] constitute an extraordinary circumstance unrelated to the convenience of the

---

[1] See <u>Wildfire Group, LLC v. Prime Insurance Co.</u>, 974 F.Supp.2d 1333, 1339 (S.D. Ala. 2013) ("Judicial economy may be considered as a public interest factor courts look to when determining whether to transfer for *forum non conveniens* [citation omitted]."

parties under <u>Atlantic Marine</u>, thereby overriding the parties' bargain. The third-party complaint seeks damages from Upham on the theories of contribution as to all defendants and indemnification as to Warrick only.[2] Upham's defenses and counterclaim seek the enforcement of general release contained in a settlement agreement. The facts as pleaded are as follows.

In August 2009, Warrick signed a non-compete agreement for the benefit of Utilities Marketing Group, LLC (UMG). The non-compete agreement contained a provision permitting Upham as agent for UMG to alter or amend its terms. On May 30, 2014, Warrick and Upham signed a "First Amendment" to the non-compete agreement, which cancelled the terms of the non-compete agreement. Seven months later on December 22, 2014, Warrick signed a Settlement Agreement and General Release with UMG in full settlement of Warrick's claims for unpaid bonuses, commissions, and any other claims.[3] Injunctive relief was sought in this action in December 2015, and Upham made certain declarations in support of the relief. Those declarations are the basis of the third-party complaint. Upham declared that he never consulted UMG prior to signing the First Amendment, nor did he believe the First Amendment was in UMG's best interests. The contribution claim, as alleged, seeks relief in the event Upham's actions leading up to the signing and the actual signing of the First Amendment constitute conduct attributable

---

[2] <u>See</u> docket 55.

[3] <u>See</u> docket 78-1.

to all Defendants. Upham raises as defenses the legal sufficiency of the contribution and indemnification claims.

In defending against the third-party complaint, Upham necessarily asserted all available affirmative defenses and any counterclaims. Some of the defenses and the entirety of the counterclaim place the December 2014 settlement agreement squarely at issue. Upham alleges that the settlement agreement constitutes a general release of all claims held by Warrick against Upham as of December 2014, including all claims alleged in the third-party complaint. Warrick now seeks to avoid litigation of the settlement agreement in this forum by enforcing the following forum selection clause contained in the settlement agreement: "The parties hereto agree that any action brought to enforce this Agreement shall be brought in the Circuit Court in and for Pinellas County, Florida."[4]

In furtherance of his waiver argument, Upham cites Chmura v. Monaco Coach Corp., 2005 WL 1705469, at *2 (M.D. Fla. July 19, 2005).[5] In Chmura, the district court found, on a motion to remand filed almost ten months after removal, that the defendants had waived their right to enforce a presumptively valid forum selection clause by actively litigating in federal court. The test for waiver of a forum selection clause is whether the party seeking its enforcement has acted inconsistently with the clause's right and whether the other party has been prejudiced as a result. See Bahamas Sales Assoc., LLC v. Byers,

---

[4] See docket 78-1.

[5] Upham also cites two district court cases from New York.

No. 3:08-cv-1012-J-32JRK, 2014 WL 2772468 (M.D. Fla. Jun. 18, 2014). Substantial or active participation in litigation prior to requesting a change to the designated forum is action inconsistent with the clause.

Warrick chose to litigate his claims against Upham in this forum rather than the forum dictated by the settlement agreement. He did not seek enforcement of the clause until Upham raised the existence of the settlement agreement containing a release that would require dismissal and an award of attorney's fees in favor of Upham. That Warrick disagrees with the applicability of the release to the third-party claims is not relevant to the determination of waiver. The unique situation before the Court is one in which the validity of the release must be decided in the defense against the third-party complaint, apart from the counterclaim. Upham will be prejudiced by having to defend against the third-party complaint in this forum, contrary to the terms of the forum selection clause, while at the same time bringing an action in a different forum to enforce the terms of the release in the settlement agreement. Consequently, the Court finds that Warrick has waived his right to enforce to the forum selection clause.

It is well-established that under Atlantic Marine, a valid forum selection clause stands absent an exceptional circumstance in which the public, not private, interests warrant leaving the case in the forum in which it was filed.[6] Having to decide all of the

---

[6] Atlantic Marine makes it clear that the private interests are necessarily subsumed in a valid forum selection clause as the result of the bargaining power between the parties.

issues of the settlement agreement in the trial of the third-party complaint, while the litigation of the counterclaim involving the same issues occurs in a different forum, could lead to inconsistent results and judicial economy will not be served. The Court finds that the public interests outweigh the enforcement of the forum selection clause, which has been waived by the party seeking its enforcement.

It is **ORDERED AND ADJUDGED** that Defendant/Third-Party Plaintiff James Warrick's Motion to Dismiss Third-Party Defendant Stephen Upham's Counterclaim (Dkt. 94) should be **DENIED**. Warrick shall file his answer and defenses to Upham's counterclaim within fourteen (14) days of this order.

**DONE AND ORDERED** at Tampa, Florida, on June 23, 2016.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>COPIES FURNISHED TO</u>:
Counsel of Record