UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UTILITIES MARKETING GROUP, LLC,
AGR FIELD SERVICES, LLC, and
ENERGY PROFESSIONALS, LLC,

    Plaintiffs,

v.                                                            CASE NO. 8:15-cv-1966-T-26TBM

JAMES WARRICK, ANGELA WARRICK,
GEORGE TAPIA, AMANDA TAPIA, EXCEL
NETWORK, LLC, EXCEL RESOURCES, LLC,
NWELITE MARKETING, LLC, NWE, LLC, and
UNKNOWN JOHN DOES,

    Defendants/Third-Party Plaintiffs,

v.

STEPHEN UPHAM,

    Third-Party Defendant.
                                         /

**O R D E R**

Before the Court is Third-Party Defendant's Dispositive Motion for Judgment on the Pleadings as to the Third Party Complaint (Dkt. 125), and Defendants/Third-Party Plaintiffs' Response (Dkt. 127). After careful consideration of the pleadings, the argument of counsel, and the applicable law, the Court concludes the motion should be denied.

## BACKGROUND

In the third-party action, all Defendants sue Stephen Upham for contribution pursuant to section 768.31, Florida Statutes, and only J. Warrick seeks common law indemnification against Upham.  (Dkt. 55).  The two underlying torts for the contribution claim are tortious interference with advantageous business and contractual relationships, and civil conspiracy to commit the tortious interference, Counts XII and XIV respectively of the second amended complaint.  (Dkt. 103).  As to tortious interference, Plaintiffs allege that Defendants interfered with its client, employee, and contractor relationships by disclosing and using Plaintiffs' trade secrets and proprietary material, by "allowing J. Warrick and the Tapias to violate their contractual and business relationships" with Plaintiffs, and by allowing employees to leave Plaintiffs to join Defendants.  (Dkt. 103, paras. 193-195).  The civil conspiracy count alleges that Defendants conspired to tortiously interfere as alleged in Count XII, to form Excel, and to compete with Plaintiffs. (Dkt. 103, paras. 203-204). The civil conspiracy allegedly occurred both while J. Warrick was still employed by Utilities Marketing Group, LLC (UMG) and while J. Warrick, NWElite, NWE, and the Tapias owed contractual duties to Plaintiffs.  (Dkt. 103, para. 204).

Defendants seek contribution from Upham in the event Defendants are held liable for the conduct of "J. Warrick and Upham in executing the First Amendment"[1] based on the liability of J. Warrick arising from the common liability of J. Warrick and Upham. (Dkt. 55, paras. 65-67). They further allege contribution arising from the conduct of all Defendants that occurred after the execution of the First Amendment and that is deemed to have interfered with the non-compete agreement based on the liability of all Defendants arising from the common liability of all Defendants and Upham. (Dkt. 55, paras. 65-67). The same is alleged as to any liability stemming from the civil conspiracy count.

With respect to common law indemnity, J. Warrick asserts that he is not liable for the breach of the non-compete agreement because it had either expired or was terminated by the signing of the First Amendment. J. Warrick claims he did not conspire with Upham and "is entirely without fault" in asking for and obtaining the First Amendment. (Dkt. 55, para. 78). The third-party complaint alleges that J. Warrick was "entirely without fault" in signing the First Amendment and relying on its effectiveness to terminate the non-compete agreement. (Dkt. 55, para. 80). J. Warrick reasons that if the First Amendment is declared unenforceable, and he is therefore found liable for the

---

[1] In August 2009, J. Warrick signed a non-compete agreement for the benefit of UMG. The non-compete agreement contained a provision permitting Upham as agent for UMG to alter or amend its terms. On May 30, 2014, J. Warrick and Upham signed a "First Amendment" to the non-compete agreement, which cancelled the terms of the non-compete agreement.

breach of the non-compete agreement, then there is no other possible conclusion other than Upham was not acting on behalf of UMG, but rather on J. Warrick's behalf. (Dkt. 55, para. 81). This determination of liability against J. Warrick for breaching the non-compete agreement also requires a determination that "a special relationship existed between J. Warrick and Upham" in the signing of the First Amendment such that J. Warrick "would be vicariously, constructively, derivatively, or technically liable to UMG because of Upham's negligence or fault." (Dkt. 55, para. 82).

Upham seeks a judgment on the pleadings as to the entire third-party complaint and argues three grounds: (1) there is no right of contribution for the intentional torts of tortious interference with business relationships and civil conspiracy; (2) there is no right to indemnification because J. Warrick cannot be wholly without fault based on the allegations of the second amended complaint, and no special relationship exists between J. Warrick and Upham; and (3) there is legal immunity for Upham's statements in his declaration filed in support of Plaintiffs' motion for preliminary injunction, which statements form the theories of liability asserted in the third-party complaint. Defendants disagree and contend that (1) not all intentional torts bar the right of contribution under Florida law, (2) the absence of fault and special relationship factors are met in this case, and (3) the absolute litigation privilege does not logically extend to the degree urged by Upham.

## APPLICABLE STANDARD

To determine whether to grant a motion for judgment on the pleadings, the court must determine whether "there are no material facts in dispute" such that "the moving party is entitled to judgment as a matter of law." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1335 (11th Cir. 2014) (quoting Cannon v. City of W. Palm Beach, 250 F.3d 1299, 1301 (11th Cir. 2001)).[2] All material facts alleged in the non-moving party's pleading are accepted as true and viewed in the light most favorable to the non-moving party. Perez, 774 F.3d at 1335 (citing Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998)). "If a comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied." Perez, 774 F.3d at 1335. The court may also consider documents attached to the plaintiff's complaint or defendant's answer "if they are (1) central to the plaintiff's claim and (2) undisputed." Bank of Camilla v. St. Paul Mercury Ins. Co., 531 F. App'x 993, 994 (11th Cir. 2013) (citing Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002)) (unpublished).

## CONTRIBUTION

Florida's Uniform Contribution Among Tortfeasors Act provides that there is no right of contribution "in favor of any tortfeasor who has intentionally (willfully or wantonly) caused or contributed to the injury or wrongful death." Fla. Stat. § 768.31(2)(c). A broad history of the Uniform Contribution Among Tortfeasors Act and

---

[2] See also Interline Brands, Inc. v. Chartis Specialty Ins. Co., 749 F.3d 962, 965 (11th Cir. 2014) (quoting Cunningham v. Dist. Attorney's Office of Escambia Cnty., 592 F.3d 1237, 1255 (11th Cir. 2010)).

Florida's contribution law has been set forth by one district court. In re Air Crash Near Cali, Columbia on Dec. 20, 1995, 24 F.Supp.2d 1340 (S.D. Fla. 1998) (denying summary judgment regarding bar of contribution claim because facts of case as resolved by trier of fact dictate whether contribution claim is barred, and holding that Nesbitt v. Auto-Owners Ins. Co., 390 So.2d 1209 (Fla.Dist.Ct.App. 1980) "does not stand for the proposition that all 'reckless' conduct bars contribution as a matter of law."). In re Air Crash is oft-cited for the proposition that the intentional tort theory does not as a matter of law bar a vicariously liable tortfeasor's right to contribution. See In re Canopy Fin., Inc., 2014 WL 3725724, at *2 (N.D. Ill. July 28, 2014); Fleet Global Servs., Inc. v. Republic Western Ins. Co., 2006 WL 3267683, at* 2 (M.D. Fla. Nov. 7, 2006) (noting that intent element of a claim may be established by willful or wanton conduct, or by recklessness). The factfinder must look at the conduct of the party seeking contribution to determine whether the actions were intentional, or reckless, or willful, or wanton conduct, and if the conduct rises to the level required to prove tortious interference and civil conspiracy. See Fleet Global Servs., Inc. v. Republic Western Ins. Co., 2006 WL 3267683, at *2 (M.D. Fla. Nov. 7, 2006) (denying summary judgment on contribution claim with respect to tort of fraud in the inducement because jury must determine nature of conduct). Therefore, factual development of the case is necessary to determine whether a contribution claim is barred. Accordingly, judgment on the pleadings in favor of the Defendants is denied.

**INDEMNIFICATION**

According to the allegations of the third-party complaint,[3] J. Warrick was "wholly without fault" in breaching the non-compete agreement and a special relationship existed between J. Warrick and Upham in the context of signing the First Amendment.  See <u>Dade City Sch. Bd. v. Radio Station WQBA</u>, 731 638, 642 (Fla. 1999) (holding that common law indemnification requires that the party seeking indemnity must be "without fault"); <u>Houdaille Indus., Inc. v. Edwards</u>, 374 So.2d 490, 493 (Fla. 1979) (holding that common law indemnification requires a special relationship to exist).  No basis exists to rely on the allegations of the second amended complaint that allege J. Warrick was actively at fault in consideration of the third-party pleadings at issue in the motion.  Although Upham posits various possible theories for which the First Amendment would be deemed unenforceable, the theory alleged– that Upham was acting on behalf of J. Warrick when he executed the First Amendment– is plausible.  Accordingly, judgment on the pleadings with respect to indemnification is denied.

## LITIGATION PRIVILEGE

"[T]he principle of the litigation privilege in Florida . . . provid[es] legal immunity for actions that occur in judicial proceedings." <u>Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole</u>, 950 So.2d 380, 383 (Fla. 2007).  Upham claims his statements made in the declaration in support of the motion for preliminary injunction are protected and may

---

[3] For purposes of this motion, the Court will look to the allegations of the Defendants, not the Plaintiffs, in the second amended complaint to construe the pleadings in the light most favorable to Defendants.

not form the basis of the third-party complaint. On balance, the Court agrees with Defendants that at this juncture, the statements represent evidence of Upham's conduct prior to and unrelated to this action. The information gleaned from the sworn declaration is more akin to discovery obtained in a deposition, which metes out the allegations of the lawsuit. Relief on this basis is therefore denied.

It is therefore **ORDERED AND ADJUDGED** that Third-Party Defendant's Dispositive Motion for Judgment on the Pleadings as to the Third Party Complaint (Dkt. 125) is **DENIED.**

**DONE AND ORDERED** at Tampa, Florida, on September 12, 2016.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>COPIES FURNISHED TO</u>:
Counsel of Record